THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JULIO RODRÍGUEZ COSME, Defendant and Appellant.

No. 13883. Argued May 3, 1949.—Decided May 24, 1949.

---

*Benjamín Rodríguez Ramón* and *Santos P. Amadeo* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Julio Rodríguez Cosme was charged with and convicted of a violation of § 328 of the Penal Code and was sentenced to serve from one to three years' imprisonment in the penitentiary at hard labor.

On appeal he contends that the verdict rendered was contrary to the evidence and the law. The gist of the information filed against him was that on February 8, 1948, and in the Municipality of Caguas, while he drove a truck, he acted with such negligence, unskilfullness, carelessness and gross recklessness, that he caused said truck to collide with an abutment on a bridge in the highway leading to San Lorenzo, causing Rosa Hernández serious injuries, which caused her

death. The evidence for the prosecution tended to show that on the above-mentioned date, the defendant came from Ponce to Caguas driving a truck loaded with empty rum cases and alcohol drums; that upon reaching Caguas, the defendant went to a small café where he drank beer "from time to time" together with Rosa María Hernández and witness Jesús Claudio Roldán; that about 12 o'clock p. m. the defendant and those two persons decided to go to Gurabo, but shortly after having started they changed their mind and decided to go to San Lorenzo; that Rodríguez drove the truck and Rosa Hernández and Roldán accompanied him; that Rosa sat in the center next to the defendant and Roldán was sitting at her right; that upon the witness Roldán becoming aware that Rodríguez Cosme traveled at an excessive speed —at about 60 miles or kilometers [1] —he called the latter's attention and almost immediately the vehicle collided against one of the abutments on the bridge located in a curve of the highway leading from Caguas to San Lorenzo, the truck destroying the abutment and falling into the river with all its occupants; that the defendant as well as Roldán succeeded in getting out of the vehicle but that Rosa Hernández was drowned, her death being certified as having been caused by asphyxia due to immersion.

The evidence for the defense, which consisted of the sole testimony of the defendant tended to show that he left Ponce at about 6:00 p.m. and reached Caguas at about 9:30 p.m.; that he entered into the small café but that he did not drink any liquor although he offered some beer to his friend Rosa; that they decided to go to San Lorenzo for the purpose of delivering some alcohol to Farmacia Nueva; that he was not going fast and that the accident was due to the breaking of the rear springs because of the weight; that due to that fact he collided with the abutment on the bridge and the

---

[1] Witness Roldán, who testified regarding the speed of the vehicle, stated that he did not know if there were involved miles or kilometers but that he was sure that the needle of the speedometer marked 60 at the time the accident occurred.

truck fell into the water; that he came out almost drowned and was unable to save Rosa.

■ With that evidence before it, the jury brought in a verdict of guilty. In a trial by jury, the latter is the judge of the facts and it is incumbent on it to adjust any conflict arising from the evidence. *People* v. *Cabrera*, 59 P.R.R. 133; *People* v. *Betancourt*, 66 P.R.R. 127; *People* v. *Millán*, 66 P.R.R. 233; *People* v. *Ortiz*, 60 P.R.R. 523; *People* v. *Cintrón*, 58 P.R.R. 386; *People* v. *Barrio*, 57 P.R.R. 924; *People* v. *Sánchez*, 55 P.R.R. 182; *People* v. *Rodríguez*, 47 P.R.R. 565. There is sufficient evidence in the record to support the verdict rendered.

■ Section 328 of the Penal Code provides in its pertinent part that "Every conductor, . . . or other person having charge wholly or in part of any . . . automobile . . . who, *through gross negligence or carelessness, suffers or causes the same to collide with another car, locomotive, automobile, train or steamboat or with any other object or thing whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years.*" (Italics hours.) The evidence above summarized, as it was weighed by the jury, is sufficient, in our judgment, to make the case fall within the provisions of § 328, *supra*. The verdict is not, therefore, contrary to the evidence or the law.

■ The next error assigned by the defendant is much more serious. It is to the effect that "the instructions given by the lower court to the gentlemen of the jury were confusing, inaccurate, and erroneous which misled the jury when rendering the verdict." The *Fiscal* of this Court agrees and consents to the reversal of the judgment. The instructions to the jury, in its pertinent part, were as follows:

"According to § 328 of the Penal Code . . . every conductor (the context of the above-mentioned Section is copied herein) . . .

". . . by this Section there are established two modalities,

one for gross negligence and another for carelessness, both modifications (sic) involve negligence. Negligence is the voluntary breach of a duty owed by a person to another under certain circumstances which imply gross negligence or carelessness. *Such gross negligence or recklessness is presumed to exist, when the person who drives an automobile does so disregarding the duties the law imposes on him, that is, the act regulating the operation of vehicles imposes certain duties on the driver and when said driver fails to comply with those duties, he incurs in gross negligence.* In this case, the duties imposed by law, are as follows: the speed of vehicles shall be regulated with due care, with due regard to the width, traffic, use and condition of the highway, and the driving of a vehicle at a rate of speed exceeding 48 kilometers per hour or within the urban zone exceeding 24 kilometers or exceeding 24 kilometers when rounding a curve, as maximum. . . . Heavy motor vehicles such as trucks shall not be driven at a speed exceeding 12 kilometers within urban zones or highways or exceeding 24 kilometers per hour on any other place. That is, a truck can not be operated at a speed exceeding 12 kilometers over a highway in which there is much traffic. Such are the duties prescribed by law and *any person who does not comply with them is careless and negligent in the operation of the vehicle.* So that every person who operates an automobile or motor vehicle should do so with due care and circumspection tending to avoid any harm to others.

"This is not a case in which there is involved malice or even the will, that is, the intention. The offense is completed through the breach of a duty, that is through gross negligence or carelessness, as for example, when a person permits the automobile being driven by him to collide with another object or thing, such collision resulting in the death of another.

"Negligence is the characteristic of these two circumstances: lack of care and lack of circumspection. A person who performs an act without due care, or without circumspection, may be said to have been a negligent person, a careless person, a person who is not solicitous or careful as to his duties and that due to this carelessness, recklessness or negligence he caused such harm to a third person. It constitutes carelessness or negligence not to attain for the protection of the interests, of another person the degree of care, protection and vigilance

which the circumstances justly require and as a result of which the other person suffers any damage or loses his life."

" . . . . . . .

"As I told you, *in this case intention is not required, but only proof that the defendant was or was not negligent. It is an offense in which intention is not required but only whether or not the person was negligent.* .

" . . . . . . .

"If you believe that this defendant, when driving the truck mentioned in the information was negligent and caused the death of Rosa María Hernández, then you should bring a verdict of guilty and it is your duty to declare him guilty of a violation of § 328 of the Penal Code. If on the other hand, you con-- sider that the death of this lady was not caused by the defendant, but to an unfortunate accident, as he alleges, you should give the defendant the benefit of the doubt and find him not guilty." (Italics ours.)

As stated in numerous cases the gross negligence or carelessness contemplated by § 328 of the Penal Code does not mean a mere lack of care, but a degree of negligence or carelessness greater than that required to obtain damages in a civil action. *People* v. *Román,* 66 P.R.R. 860, 866; *People* v. *Barrio, supra; People* v. *Sánchez, supra,* and *People* v. *Rodríguez, supra.* The charge given, however, did not convey to the minds of the jury the true significance and scope which, for the purposes of said articles, gross negligence or carelessness, has. In said instructions, at it may be seen, the court told the jury that gross negligence and carelessness is presumed to exist when the person who drives an automobile does so disregarding the duties imposed on him by the law which regulates the operation of vehicles and that when said person fails to comply with those duties there is gross negligence. It forthwith stated that the duties imposed by the law are that the speed of vehicles should be regulated with due care, and with due regard to the width, traffic, use and condition of the highway; that heavy motor vehicles such as trucks shall not be driven at a speed exceeding twelve kilometers within the urban zone nor exceeding 24 kilometers

at any other place; that those are the duties the law imposes and that any person who does not comply with them is careless and negligent in the operation of the vehicle. It was, undoubtedly, an error of the lower court to express itself in the manner it did, not only because its words are taken from a statute [2] which at the time of the events involved herein had already been repealed by another which read in a different way,[3] but also because they conveyed to the mind of the jury the impression that the mere violation of any of the duties imposed by the statute regulating the use of motor vehicles in Puerto Rico, was equivalent to being guilty of the gross negligence or carelessness contemplated by § 328 of the Penal Code. However, we have already stated in several cases that violations as those mentioned by the lower court constitute merely prima facie evidence of negligence. *People* v. *Ortiz, supra; People* v. *Casanovas*, 38 P.R.R. 197; *People* v. *Ramos*, 43 P.R.R. 68.

The court goes on to inform the jury as to what constitutes negligence in its judgment, but it was not careful enough to explain to the jury that it was not a question of ordinary negligence or carelessness, but that it was necessary for said negligence or carelessness to be equivalent to gross negligence and that the gross negligence had to be of a greater degree than that required to obtain compensation in civil actions. And in closing its instructions, the court stated to the jury that if it believed that the defendant when operating the truck was negligent and caused the death of Rosa Her-

---

[2] Act No. 55 of 1942 (Sess. Laws, pp. 526, 560), § 11(*a*) and (*c*).

[3] Act No. 279 of 1946 (Sess. Laws, pp. 598, 636), provides in its § 15(*b*) the following:

"It shall be deemed *prima facie* evidence that a vehicle is driven at an unreasonable speed and against the provisions of the preceding clause (*a*), if said vehicle is operated at a speed of more than twenty-five (25) miles an hour in the urban district; or at a speed of more than fifteen (15) miles an hour in rounding a curve or intersection, where the view is not clear at a distance of one hundred (100) meters towards the front, or when passing a district where public schools are located; and in all other cases, at a speed of more than forty-five (45) miles an hour"; . . .

nández, then it was its duty to find him guilty of a violation of § 328 of the Penal Code. This again was an error of the court. Moreover, it failed to state that the gross negligence of the defendant should be the proximate cause of the accident. *People* v. *Ortiz, supra; People* v. *Cintrón, supra.*

The record is silent, however, as to whether the defendant requested special instructions from the court or whether he took an exception to the charge given to the jury. It is the general rule that in the absence of such exceptions the judgment rendered will not be reversed unless the errors in the instructions are fundamental. *People* v. *Millán, supra.*

The instant case is very similar to *People* v. *Agosto*, 50 P.R.R. 444. Indeed they are almost identical. In that case, like in the instant, there was involved a violation of the above-mentioned Section of the Penal Code. In both of them the instructions referred to negligence or carelessness, but in none of them the jury was told that the negligence or carelessness in this kind of cases should not only be wanton negligence or recklessness amounting to gross negligence but also that it must be the proximate cause of the accident. In both of them no exception was taken to the instructions given to the jury and in both of them a verdict of guilty was rendered. In the *Agosto* case the conclusion was reached that the charge to the jury was absolutely erroneous and that notwithstanding the fact that no exception was taken, the judgment should be reversed. A similar conclusion should be reached in the instant case, since here as there "*the cumulative effect of the errors committed by the district judge in his charge to the jury is too serious to be ignored.*" (Italics ours.)

The judgment appealed from will be reversed and a new trial ordered.